Filed 1/10/22  In re C.I. CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

|  |  |
|---|---|
| In re C.I. et al., Persons Coming Under the Juvenile Court Law. | B310475 |
| _____ | |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, | Los Angeles County Super. Ct. No. 20CCJP05464A-D |
| Plaintiff and Respondent, | |
| v. | |
| S.B., | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Martha A. Matthews, Judge.  Dismissed.

Janette Freeman Cochran, under appointment by the Court of Appeal, for Defendant and Appellant.

Rodrigo A. Castro-Silva, County Counsel, Kim Nemoy, Assistant County Counsel, and William D. Thetford, Principal Deputy County Counsel, for Plaintiff and Respondent.

_____

A mother appeals the juvenile court's exercise of jurisdiction over her children. We dismiss the appeal as moot. Undesignated statutory references are to the Welfare and Institutions Code.

The mother moved from Missouri to California with her four children to resume a relationship with the father of her youngest child. Several months later, the mother called the police because the father had punched her. The police notified the Los Angeles County Department of Children and Family Services.

The Department filed a petition alleging the father posed a substantial risk of physical injury to the children and the mother failed to protect the children.

The juvenile court detained the youngest child from the father and released the children to the mother. At the adjudication hearing, the court sustained the section 300, subdivision (b) allegation against the mother, finding she failed to protect the children from the risks posed by the domestic violence in her relationship with the father. The court granted the mother permission to move back to Missouri with the children. At a dispositional hearing held after the move, the court terminated jurisdiction and ordered no services.

The mother appeals the court's jurisdictional findings, arguing they were not supported by substantial evidence. The Department correctly responds the issue is moot given the court's termination of jurisdiction.

An appeal becomes moot when, through no fault of the respondent, an event makes it impossible for the appellate court to grant the appellant effective relief. (*In re Jessica K.* (2000) 79 Cal.App.4th 1313, 1316.) We dismiss an appeal where reversal will have no practical effect. (*In re Dani R.* (2001) 89 Cal.App.4th 402, 404.) The question is whether we can provide effective relief in the event of reversible error. (*In re N.S.* (2016) 245 Cal.App.4th 53, 60.) However, a reviewing court has discretion to consider an otherwise moot challenge to a jurisdictional finding where it serves as the basis for a challenged dispositional order, could be prejudicial to the appellant in dependency proceedings, or could have other consequences for the appellant. (*In re L.O.* (2021) 67 Cal.App.5th 227, 237.)

The mother argues we should exercise our discretion to consider her appeal because the juvenile court's finding that she failed to protect her children from physical harm is "pernicious." This argument is speculative. The mother's claim she will not have a "clean slate" in Missouri lacks a concrete foundation.

Even if we were to consider the merits of the mother's appeal, we would affirm the juvenile court's jurisdictional order because substantial evidence supports it. At the jurisdictional hearing, the court found "an ongoing pattern of domestic violence" between the mother and the father. The children had reported repeated incidents over a period of time. The eldest child, "only 13," reported stepping in to prevent the father from hitting the mother on numerous occasions, sometimes at the mother's explicit request. This was confirmed by the mother and one of the other younger children. The eldest said the father had succeeded in punching the mother in the incident leading to her calling the police because he was too far away to stop the father.

That four months had passed since the last incident of domestic violence does not defeat jurisdiction over the children. The mother had chosen to move from Missouri to California to resume a contentious relationship with the father. She had only begun to take steps to stop the violence against her at the time the Department stepped in. By then the children had witnessed months of domestic violence and the eldest had risked his own safety protecting his mother whenever the father raised his fists against her. Although the mother was now taking measures to stop the cycle, it was not unreasonable for the court to rule that the children were still at risk, given the mother's previous inaction and willingness to allow her eldest to protect her at risk to himself.

## DISPOSITION

We dismiss the appeal as moot.

WILEY, J.

We concur:

STRATTON, Acting P. J.

HARUTUNIAN, J.[*]

---

[*]     Judge of the San Diego Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

4